IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2019

## STATE OF TENNESSEE v. DANIEL DEWAYNE KINCAID

**Appeal from the Blount County Circuit Court
Nos. C-24642, C-24643      Tammy Harrington, Judge**

_____

### No.  E2018-01012-CCA-R3-CD

_____

The Defendant, Daniel Dewayne Kincaid, appeals as of right from the Blount County Circuit Court's revocation of his probationary sentence and order of one hundred and eighty days of split confinement for his convictions for DUI.  The Defendant contends that the trial court abused its discretion by ordering him to serve one hundred and eighty days of split confinement before being released on supervised probation.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Liddell Kirk, (on appeal); and Mack Garner, District Public Defender (at probation violation hearing), for the appellant, Daniel Dewayne Kincaid.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Mike Flynn, District Attorney General; and Tyler Parks, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

On May 26, 2017, the Defendant pled guilty to multiple counts of DUI and a violation of the implied consent law.  See Tenn. Code Ann. §§ 55-10-401, -406.  The trial court sentenced the Defendant to eleven months and twenty-nine days on supervised probation.  On April 2, 2018, a probation violation warrant was issued for the Defendant based upon multiple alleged violations.  A probation revocation hearing was held on May 14, 2018.

Paris Wilson testified that she was employed as a probation officer for the Tennessee Department of Correction. Ms. Wilson supervised the Defendant's probation beginning in June 2017, and she testified that he had violated the terms of his probation multiple times and that she issued a warrant for his arrest. Ms. Wilson explained that the Defendant broke curfew on March 27, 2018. She said that she had placed the Defendant on an officer-supervised curfew from 6:00 p.m. to 6:00 a.m. Ms. Wilson said that when she arrived at the Defendant's hotel room at 9:00 p.m. on March 27, he was not at home.

Ms. Wilson also testified that the Defendant drove on a revoked license on March 4, 2018, and that he failed to report this violation to Ms. Wilson. Ms. Wilson testified that she learned of the Defendant's driving on a revoked license from an alert that he was released from custody on March 5, 2018.

Ms. Wilson also alleged that the Defendant violated the rules of his probation by failing to report to her a room change at the hotel in which he was living. She said that she learned of the room change when the Defendant "brought [in] a new reporting form[.]"

Ms. Wilson further testified that the Defendant owed court costs. She was unsure of the exact amount but estimated it to be "a couple thousand dollars." Ms. Wilson said that the Defendant failed to make any payments the first six months of his supervision but that he had begun making payments in January 2018.

The Defendant testified that he had been on probation since June 2017. He explained that during that time, he supported himself with a social security check due to "severe back problems." The Defendant asserted that he had begun paying court costs and was making monthly payments. The Defendant confirmed that he changed rooms in the hotel in which he was staying. He testified that he did not report that he had moved because he "was not thinking that that was a total change of address." The Defendant also admitted to being arrested for driving on a revoked license. The Defendant testified that he did not immediately report the arrest to Ms. Wilson because he was preoccupied with determining a way to return the car he had been driving to the vehicle's owner. The Defendant explained that he had an upcoming meeting scheduled with Ms. Wilson and that he planned to tell her then. The Defendant said that Ms. Wilson called him the day after the incident and that was when he told her what had happened regarding his arrest.

At the conclusion of the hearing, the trial court made the following findings:

The [c]ourt does find that the State of Tennessee met its burden as to the violation in the violation of rule number one, that the [Defendant] was arrested on March 4, 2018, for driving on a revoked license in Blount

-2-

County. That is uncontested. Number two, that the [Defendant] failed to notify his probation officer of the arrest. There's a small argument as to the timing of that, but it is largely uncontested that that happened. [The Defendant] failed to notify [the] officer of a change in hotel rooms. That's uncontested. He says he was mistaken about what that meant as far as his address, but that is uncontested. Failed to follow sanction[ed] curfew. Testimony is that he was not home for curfew on March 27, 2018. I specifically find that the State has met its burden as to that allegation. And that the offender owed supervision fees and court costs in both cases and that has been proven as well.

The trial court revoked the Defendant's probation and ordered him to serve one hundred and eighty days of split confinement.

## ANALYSIS

On appeal, the Defendant argues that the trial court abused its discretion in revoking his probation and ordering him to serve one hundred and eighty days of split confinement. Specifically, the Defendant argues that "[u]nder the circumstances, [a] shorter split confinement period . . . would have been a more reasonable consequence for his violations than imposing confinement for six months." The State responds that the trial court acted properly within its discretion. We agree with the State.

Upon finding by a preponderance of the evidence that a defendant has violated the conditions of his release, the trial court "shall have the right . . . to revoke the probation and suspension of sentence" and either "commence the execution of the judgment as originally entered" or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Tenn. Code Ann. § 40-35-311(e). In a probation revocation hearing, the credibility of the witnesses is determined by the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Furthermore, the decision to revoke probation is in the sound discretion of the trial judge. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); Mitchell; 810 S.W.2d at 735. The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, "it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Id. (citing State v. Gear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)); see also State v. Farrar, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011). Such a finding "'reflects that the trial court's logic and reasoning was

improper viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Here, the trial court specifically found that the Defendant violated multiple rules of his probation, those being as follows: the Defendant was arrested and failed to report the arrest to his probation officer; the Defendant failed to notify his probation officer of his change in hotel rooms; the Defendant was not at home for curfew; and the Defendant owed court costs and fees. This court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002). The trial court properly considered the evidence presented at the revocation hearing and the facts of the case before ordering the Defendant to serve a portion of his sentence. Accordingly, the Defendant is not entitled to relief regarding this issue.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE